**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSEPH LAVALEY, THOMAS D. SMITH and DYLAN TORRES PAGAN,

      Plaintiffs,

v.

      Case No.: 3:24-cv-1055-TJC-LLL

ST. JOHNS COUNTY, FLORIDA,

      Defendant.

_____ /

## DEFENDANT'S ANSWER TO VERIFIED COMPLAINT

Defendant, St. Johns County, Florida ("the County") answers Plaintiff's Verified Complaint (ECF 1) as follows:

### PRELIMINARY STATEMENT

1.    Admitted that the County passed an ordinance. Otherwise, denied.

2.    The Ordinance alleged speaks for itself.

3.    The Ordinance alleged speaks for itself.

4.    Without knowledge; thus, denied.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Acknowledged that the County is being sued for the relief stated, but denied that the County is liable.

## JURISDICTION AND VENUE

9.    The County agrees that the Court has jurisdiction over the issues addressed in the Complaint, but denies that it violated the law.

10.    Admitted as to venue.  Otherwise denied.

## PARTIES

11.    Without knowledge; thus, denied.

12.    Without knowledge; thus, denied.

13.    Without knowledge; thus, denied.

14.    Admitted.

15.    Admitted.

16.    Acknowledged that the County is being sued for the relief stated, but denied that the County is liable.

17.    Admitted that the Sheriff is authorized to enforce the ordinance at issue. Otherwise denied.

2

## STATEMENT OF FACTS

**Ordinance 2023-16**

18. Admitted that on the date alleged, a commission meeting was held and the video of the meeting speaks for itself.

19. Admitted.

20. The video of the meeting speaks for itself.

21. Admitted.

22. The ordinance speaks for itself.

23. Denied.

24. The ordinance speaks for itself.

25. The ordinance speaks for itself.

26. The ordinance speaks for itself.

27. The ordinance speaks for itself.

28. The ordinance speaks for itself.

29. The ordinance speaks for itself.

30. Admitted that the presentation of the ordinance addressed pedestrians. Otherwise denied.

31. Denied.

32. The ordinance speaks for itself.

33. The ordinance speaks for itself.

## Enforcement of the Ordinance

34. Admitted that the ordinance has been enforced. Otherwise denied.

35. Without knowledge; thus, denied.

## Plaintiff Joseph LaValley

36. Without knowledge; thus, denied.

37. Without knowledge; thus, denied.

38. Without knowledge; thus, denied.

39. Without knowledge; thus, denied.

40. Without knowledge; thus, denied.

41. Without knowledge; thus, denied.

42. Without knowledge; thus, denied.

43. Admitted that Mr. LaValley was cited for a violation of the Ordinance on June 11, 2023. Otherwise, without knowledge; thus, denied.

44. Without knowledge; thus, denied.

45. Without knowledge; thus, denied.

46. Denied.

## Plaintiff Thomas Daniel Smith

47. Without knowledge; thus, denied.

48. Without knowledge; thus, denied.

4

49.   Without knowledge; thus, denied.

50.   Without knowledge; thus, denied.

51.   Without knowledge; thus, denied.

52.   Admitted that Mr. Smith was cited for a violation of the Ordinance by Deputy Vaughan on the date alleged and that a fine was imposed. Otherwise, without knowledge; thus, denied.

53.   Without knowledge; thus, denied.

54.   Without knowledge; thus, denied.

55.   Denied.

**Plaintiff Dylan Torres Pagan**

56.   Without knowledge; thus, denied.

57.   Without knowledge; thus, denied.

58.   Without knowledge; thus, denied.

59.   Without knowledge; thus, denied.

60.   Without knowledge; thus, denied.

61.   Without knowledge; thus, denied.

62.   Without knowledge; thus, denied.

63.   Without knowledge; thus, denied.

64.   Denied.

## CAUSES OF ACTION

### COUNT I – FIRST AMENDMENT – FREEDOM OF SPEECH
### Ordinance 2023-16 § 4A

65.   The County repeats its responses to each paragraph preceding the Causes of Action section.

66.   Admitted that the County adopts ordinances.   Otherwise denied, as framed.

67.   This paragraph states only legal conclusions and contains no allegations that require a response. To the extent that a response is required, without knowledge; thus denied.

68.   This paragraph states only legal conclusions and contains no allegations that require a response. To the extent that a response is required, without knowledge; thus denied.

69.   Denied.

70.   Denied.

71.   Denied.

72.   Denied.

73.   Denied.

74.   Denied.

## COUNT II – FOURTEENTH AMENDMENT – DUE PROCESS
## Ordinance 2023-16 § 4A (interfering with safe and efficient movement of people and property)

75.   The County repeats its responses to each paragraph preceding the Causes of Action section.

76.   The ordinance speaks for itself.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

### REQUEST FOR RELIEF – ALL COUNTS

A.   Plaintiff is not entitled to the relief requested.

B.   Plaintiff is not entitled to the relief requested.

C.   Denied that Plaintiff is entitled to the relief requested.

D.   Denied that Plaintiff is entitled to the relief requested.

E.   Denied.

F.   Denied.

### AFFIRMATIVE DEFENSES

82.   Plaintiff's claims for injunctive and declaratory relief are moot.

7

82.    The Complaint fails to state a claim upon which relief may be granted.

83.    The County's ordinance was a content-neutral time, place and manner regulation, narrowly tailored to serve a significant governmental interest that left open ample alternative channels for communication of information.

84.    Plaintiffs failed to mitigate damages as required by law.

85.    Plaintiffs lack standing to raise some or all of the claims asserted.

86.    Plaintiffs' applicable claims are barred or limited by sovereign immunity.

87.    Plaintiffs' claim, particularly for any monetary damages are barred by the doctrine of laches.

## Jury Demand

The County demands a jury trial and seeks costs and attorney's fees for the frivolous claims asserted in the Complaint.

**MARKS, GRAY, P.A.**

*Susan S. Erdelyi*
Susan S. Erdelyi
Florida Bar No.  0648965
Julianna R. Favale

8

Florida Bar No.  1032046
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
Telephone: (904) 398-0900
Facsimile:  (904) 399-8440
serdelyi@marksgray.com
jfavale@marksgray.com
jmcduffie@marksgray.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 8th day of November 2024, I submitted the foregoing document with the clerk for filing with the CM/ECF system which will provide a notice of electronic filing and a copy of the foregoing to the following:

| | |
|---|---|
| **Ray Taseff, Esq.**<br>**Dante P. Trevisani, Esq.**<br>**Andrew Udelsman, Esq.**<br>Florida Justice Institute, Inc.<br>40 NW 3rd Street, Suite 200<br>Miami, Florida 33128<br>rtaseff@fji.law<br>dtrevisani@fji.law<br>audelsman@fji.law<br>*Counsel for Plaintiffs* | **Chelsea Dunn, Esq.**<br>**Daniel Marshall, Esq.**<br>**Jodi Siegel, Esq.**<br>Southern Legal Counsel, Inc.<br>1229 NW 12th Avenue<br>Gainesville, Florida 32601<br>Chelsea.dunn@southernlegal.org<br>Dan.marshall@southernlegal.org<br>Jodi.siegel@southernlegal.org<br>*Counsel for Plaintiffs* |

  /s/  Susan S. Erdelyi
Susan S. Erdelyi, Esquire

9